IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TINA CARTER AS THE SPECIAL
ADMINISTRATOR OF THE ESTATE
OF EDWARD WAYNE JAMISON FOR
AND ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARY OF EDWARD
WAYNE JAMISON,

        **Plaintiff**

vs                                              Case No. 5:21-cv-05085-PKH

**UNITED STATES OF AMERICA,**

        **Defendant**

---

### COMPLAINT FOR MEDICAL NEGLIGENCE

---

The plaintiff, Tina Carter as the Special Administrator of the Estate of Edward Wayne Jamison for and on Behalf of the Wrongful Death Beneficiary of Edward Wayne Jamison ("Patient"), states as follows for his cause of action against the defendant, United States of America ("Defendant"):

**PARTIES AND JURISDICTION**

1. The Plaintiff is an adult resident citizen of Illinois.

2. This action is brought pursuant to the Arkansas Survival Statue and the Arkansas Wrongful Death Statute, Ark. Code Ann. §§ 16-62-101 and 102.

1

3. A true and accurate copy of the Order Appointing Tina Carter as Administrator of the Estate of Edward Wayne Jamison is attached as <u>Exhibit A</u> and incorporated herein by reference.

4. The Plaintiff is the duly appointed representative for the Estate of Edward Wayne Jamison, Deceased, and is authorized to pursue this claim on behalf of the estate and the wrongful death beneficiaries of Edward Wayne Jamison.

5. The Defendant operated the VA Medical Center – Fayetteville ("VAMC"), by and through the Department of Veteran's Affairs, at all-time relevant to this litigation.

6. Robert M. Levy, MD ("Dr. Levy"), provided diagnostic services to the Patient during his admission to the VMAC on or about May 23, 2011.

7. Dr. Levy was acting within the course and scope of his employment and/or agency with VAMC when he provided diagnostic services to the Patient at the VMAC.

8. Upon information and belief, at all times herein mentioned, the Defendant held Dr. Levy out to the public in general, and to the Patient in particular, as possessing the necessary medical skills, knowledge and expertise to diagnosis and treat certain medical conditions such as those experienced by the Patient on or about May 19, 2011, in accordance with the recognized standard of acceptable professional practice of similarly situated physicians in Fayetteville and similar communities.

9. This cause of action arises in tort and as a result of harms and losses proximately caused by the negligence of the Defendant in Fayetteville, Washington County, Arkansas, and comes under 28 U.S.C. §§ 1346(b), 2401 and 2671-2680.

10. This is a proper venue for litigation of all issues in controversy

11. This Court has jurisdiction over the parties.

12. This Court has jurisdiction over the subject matter as it involves damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and a federal question as the cause of action arises under the Federal Tort Claims Act. 28 U.S.C. §§ 1346 and 2674.

13. An administrative claim alleging medical malpractice was properly presented to the Department of Veteran's Affairs. *See* Standard Form 95-F, attached as Exhibit B.

14. To date, the Department of Veteran's Affairs has not formally responded to the Plaintiff's claim, either admitting or denying the claim; although the Department of Veteran's Affairs previously acknowledge malpractice in the care of Edward Wayne Jamison. See [letter sent to Tina Carter], attached as Exhibit C.

15. The Plaintiff is electing to proceed as if the claim had been formally denied by the Department of Veteran's Affairs pursuant to 28 U.S.C. § 2675(a).

## FACTUAL BACKGROUND

16. On May 19, 2011, the Patient presented to the VAMC in Fayetteville, Arkansas, for a pre-scheduled colonoscopy and EGD due to a chief complaint of esophageal reflux, abdominal pain, rectal pain and diarrhea. The colonoscopy and EGD were performed by Bernagie E. Allen, MD ("Dr. Allen"). The Patient was discharged the same day.

17. The VAMC medical records state that Dr. Allen's findings from the EGD were "(1) long segment Barrett's Esophagus and/or Esophagitis (2) moderate generalized Gastritis (3) moderate sized Hiatal Hernia." Specimens were removed from the Esophagus, Gastric, Duodenum and Duodenal Aspirate and sent to pathology.

18. The VAMC medical records state that Dr. Allen's findings from the

colonoscopy were "(1) mild sigmoid Diverticulosis (2) severe internal hemorrhoids." Cecal and rectal biopsies were taken and sent to pathology.

19. The VAMC pathology of the Duodenum, Stomach, Esophagus, and Cecum to Rectum was performed by Dr. Levy. The findings state "A. Duodenum, biopsy: Duodenal mucosa with no pathologic diagnosis. B. Stomach, biopsy: Gastric mucosa with no pathologic diagnosis. Negative for helicobacter on warthin-starry stain. C. Esophagus, biopsy: Squamous and glandular mucosa with mild chronic esophagitis. Intestinal metaplasia on alcian blue stain, compatible with Barrett's Esophagus, negative for Dysplasia."

20. Dr. Levy negligently failed to comply with the recognized standard of care by failing to properly diagnose the Patient's underlying Barrett's Esophagus, negligently misinterpreting the Patient's pathology samples as showing no esophageal dysplasia, and otherwise deviating from the applicable standard of care applicable to him in the evaluation, diagnosis and treatment of this Patient.

21. The VAMC medical records state that Dr. Allen, in reliance on Dr. Levy's pathology report, noted on June 10, 2011 "Repeat EGD in 3 years since the path showed Barrett's and NO DYSPLASIA."

22. The VAMC medical records state that on July 26, 2012, Lydia M. Graham, MD ("Dr. Graham") ordered a repeat EGD due to a stomach wall change in Patient.

23. On September 10, 2012, an EGD was performed by James W. Slezak Jr., MD ("Dr. Slezak"). The Patient was discharged that same day.

24. The VAMC medical records state that Dr. Slezak's findings from the EGD were "Barret's (sp) esophagus of the distal 4 cm of the esophagus."

25. The VAMC pathology of the Distal Esophagus at 42 cm and 40 cm was performed by Paul R. Hendrycy, MD ("Dr. Hendrycy") with a diagnosis that stated "A, B. Esophageal biopsies at 42 cm and 40 cm; respectively: Barrett's Esophagitis. High Grade Glandular Dysplasia Identified. Nondiagnostic for invasive cancer. (See Comment) Comment: The biopsy findings are worrisome. An adjacent or underlying adenocarcinoma has not been ruled out by these biopsies. Dr. Levy has reviewed this case and agrees with high grade glandular dysplasia. Results telephoned to and discussed with Dr. Kipton Garrett on 09/13/12 at 11:15pm."

26. The VAMC medical records state that on September 13, 2012, Kipton Garrett, MD ("Dr. Garrett") discussed the results of the EGD with the Patient.

27. On September 17, 2012, Dr. Slezak noted "I have contacted Mr. Jamison this morning and informed him of the results of the pathological findings of his biopsy results. Mr. Jamison is willing to go to McClellan VAH in Little Rock to be evaluated by Dr. Dan Brown for endoscopic radiofrequency ablation of the dysplastic area of the distal esophagus vs surgical resection of the distal esophagus and proximal stomach. Dr. Brown will be contacted today. Jim Slezak, M.D."

28. The Patient did not receive timely treatment for his underlying Barrett's Disease, which allowed it to worsen and develop into deadly cancer, as a direct and proximate result of Dr. Levy's negligence.

29. During his hospitalizations and treatments, the Patient underwent radiation and chemotherapy which caused him to suffer immensely as the direct and proximate result of the Defendant's negligence.

30. The Patient died as a direct result of the Defendant's negligence.

## CAUSE OF ACTION

31.  The Defendant was negligent in the following respects:

   a.  Failing to properly diagnose the Patient's underlying Barrett's Esophagus;

   b.  Negligently misinterpreting the Patient's pathology samples; and

   c.  Otherwise deviating from the applicable standard of care applicable to Dr. Levy in the evaluation, diagnosis and treatment of this Patient in Fayetteville, Washington County, Arkansas and/or similar communities.

32.  The Defendant VAMC is vicariously liable for the acts and/or omissions of its employees, servants and agents including, but not limited to, Dr. Levy and other members of its medical, nursing and hospital staff.

## HARMS AND LOSSES

33.  As a direct and proximate cause of the Defendant's negligence, the Patient suffered serious and permanent physical, mental and emotional injuries and death.

34.  The Plaintiff and the wrongful death beneficiaries of Edward Wayne Jamison are entitled to recover for harm and losses endured, including without limitation, physical and mental pain and suffering, unnecessary medical expenses, permanent physical injuries, serious mental injury and disability, and loss of life suffered by the Patient; and the pecuniary injuries sustained by the wrongful death beneficiaries, mental anguish suffered by the wrongful death beneficiaries, reasonable value of funeral expenses, the decedent's loss of earning capacity, and other damages allowed by law as the direct and proximate result of the Defendant's negligence, professional malpractice and deviations from the standard of care in an amount to be awarded by the Court, but

no more than that requested in the attached Form 95.

WHEREFORE, premises considered, the Patient sues the Defendant for compensatory damages in an amount not to exceed Ten Million Dollars ($10,000,000.00), for costs herein, and for all such other and further relief, general and specific, legal and equitable, to which the Plaintiff is entitled by law.

Respectfully submitted:

**BRYAN SMITH & ASSOCIATES**

*/s/ W. Bryan Smith*
W. Bryan Smith (ABN 2017258)
119 South Main Street, Suite 500
Memphis, Tennessee 38103
(901) 450-4990 – telephone
(901) 450-4898 – facsimile
bryan@bluffcitylawyers.com

Bud Whetstone, (ABN 69082)
Whetstone Law Firm
415 N. McKinley Street, Ste. 535
Little Rock, AR 72205
(501) 376-3564
budwhetstone@yahoo.com

*Attorney for Plaintiffs*